# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE K. HARGADINE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-05-461-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying her benefits under the Social Security Act. In Hargadine's Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 18], the Plaintiff sought an award of attorneys' fees in the amount of $6,957.40 (or in the amount of $8,334.40, as will be discussed below) and costs in the amount of $264.16 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, and requested that the EAJA fees and costs be paid directly to her attorneys. The Commissioner does not object to an award to the Plaintiff in the amount of $6,957.40 for attorneys' fees and $264.16 for costs, but does object to an order requiring that payment be made directly to the Plaintiff's attorneys. *See* Docket No. 19.

The alternative nature of the Plaintiff's fee demand arises from a proposal made by her attorneys: to accept the lesser amount in exchange for a ruling by the Court that the attorneys have a legally cognizable interest in the Plaintiff's EAJA award. Three observations are in order regarding this remarkable offer, made *not to the Commissioner but*

*instead to the Court itself.* First, the Court has *never* determined that an attorney for a successful claimant in a social security appeal has no legally cognizable interest in a fee award under the EAJA; the Court has determined *only* that it lacks authority under the EAJA to order the claimant's award paid directly to the claimant's attorney. Indeed, if the issue were properly before the Court, there is little doubt that the Plaintiff's attorneys would be found to have a legally cognizable interest in the claimant's EAJA award arising out of the contingent fee agreement. *See, e. g., Oguachuba v. Immigration & Naturalization Service*, 706 F.2d 93, 97-98 (2d Cir. 1983) ("Whether an award of attorneys' fees under the [EAJA] ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client."). But this is irrelevant to what *the EAJA itself* may authorize. *Cf. United States ex rel. John Doe I v. Pennsylvania Blue Shield,* 54 F. Supp. 2d 410, 421 (M.D. Pa. 1999) ("The plain language of § 3730(d)(1) requires that the court order defendant to pay reasonable attorney's fees to relators, and that is what will occur. That the court should concern itself with the final recipient of the funds is not a matter addressed by the statute."). *See generally* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall *award to a prevailing party* . . . fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred *by that party* in any civil action[.]") [emphasis added]. Second, whether or not the Plaintiff's attorneys have any legally cognizable interest in the Plaintiff's EAJA award, only the Plaintiff herself may bargain away the award (or any part of it); under federal fee shifting statutes, that right belongs exclusively to the prevailing party to whom an award is made. *See, e. g., Venegas*

*v. Mitchell,* 495 U.S. 82, 88 (1990) ("[J]ust as we have recognized that it is the party's entitlement to receive the fees in the appropriate case, so have we recognized that as far as § 1988 is concerned, *it is the party's right to waive, settle, or negotiate that eligibility.*") [emphasis added], *citing Evans v. Jeff D.,* 475 U.S. 717, 730-731 (1986). *See also Independent Federation of Flight Attendants v. Zipes,* 491 U.S. 754, 758 n. 2 (1989) ("[F]ee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike."), *quoting Northcross v. Memphis Board of Education,* 412 U.S. 427, 428 (1973); *Hensley v. Eckerhart,* 461 U.S. 424, 433 n.7 (1983) (interpretation of "prevailing party" as used in Section 1988 is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'"). But the Court assumes that the Plaintiff's attorneys are authorized to speak on her behalf. Third, while the Plaintiff's attorneys may permissibly try to persuade the Court its previous decisions were erroneous, they must do so in good faith. *See, e. g.*, Fed. R. Civ. P. 11(b)(2) ("By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]"). The Court chooses to give the Plaintiff's attorneys the benefit of the doubt here, but it would otherwise seem highly improper to try to *bargain* with the Court for a ruling known to be at odds with its previous decisions.

Finally, the Court observes that the Commissioner has offered to pay the EAJA award to the Plaintiff but place it in the care of her attorneys. The Court takes no issue with any agreement the parties may reach concerning how to pay an amount awarded to the Plaintiff under the EAJA.

In conclusion, for the reasons set forth in *Dobbs v. Astrue*, No. CIV-06-037-SPS (E.D. Okla. June 22, 2007) and *Winslow v. Astrue*, No. CIV-05-443-SPS (E.D. Okla. July 6, 2007), the Court concludes that costs and attorneys' fees under the EAJA must be *awarded* to the Plaintiff as the prevailing party, and that it is inappropriate to *order* them paid directly to the Plaintiff's attorneys. *But see, e. g., McKee v. Astrue*, No. CIV-05-359-RAW (E.D. Okla. June 13, 2007). Accordingly, Hargadine's Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 18] is hereby GRANTED insofar as it seeks an award of attorneys' fees and costs to the Plaintiff as the prevailing party under the EAJA, and the Plaintiff is hereby awarded attorneys' fees in the amount of $6,957.40 (the amount agreed to by the Commissioner) and costs in the amount of $264.16. Hargadine's Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 18] is hereby DENIED insofar as it seeks an order of the Court directing payment of said attorneys' fees and costs directly to the Plaintiff's attorneys.

**IT IS SO ORDERED** this 19th day of July, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**